UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80227-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

ROBERT BENJAMIN BREWSTER,

      Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DE 1401)**

The United States of America, by and through the undersigned Assistant United States Attorney, submits this response in opposition to the Defendant's motion for early termination of supervised release. The Government states as follows:

**Background**

Robert Benjamin Brewster was an ounce-level cocaine distributor. He bought and sold cocaine and crack cocaine in ounce-level quantities. Brewster supplied cocaine and crack cocaine to lead defendant, Samuel Alvarado. Brewster frequently cooked the cocaine into crack cocaine.[1] Brewster was intercepted on a Title III interception more than 85 times, and approximately 68 of those calls were pertinent conversations. After one of the intercepted calls, Brewster fled from police. Subsequent intercepted calls revealed that Brewster had just delivered cocaine to Alvarado,

---

[1] In his Motion, Brewster claims that he never sold crack cocaine. In contrast to Brewster's claim, the PSI Addendum sets forth the parties' joint agreement as to Brewster's role assessment. Brewster specifically acknowledged and agreed that he frequently cooked cocaine into crack cocaine, and that he sold crack cocaine to Alvarado.

and Brewster had additional amounts of cocaine in his car, causing him to flee. Brewster specifically agreed that he was responsible for 260 grams of cocaine and 80 grams of cocaine base.

On March 27, 2015, Brewster entered a guilty plea to conspiracy to possess with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on Brewster's criminal history of drug trafficking, the United States could have filed a Previous Conviction Information, pursuant to 21 U.S.C. § 851.  Had the Section 851 enhancement been filed, Brewster would have face a 10-year mandatory minimum sentence, followed by an 8-year term of supervised release.  In lieu of filing the enhancement, the parties agreed to recommend that Brewster be sentenced to the 5-year minimum mandatory, followed by a 4-year minimum term of supervised release.

On June 28, 2018, Brewster was released from custody and placed on supervised release. Brewster's supervised release term is due to expire in June 2022.  As of today, Brewster has completed just under than half of his supervised release.  Brewster now moves the Court to grant early termination of his supervised release.

## **Argument**

18 U.S.C. § 3583(e)(1) provides for the early termination of a term of supervised release of a defendant who has served at least one year of his supervised release, where "such conduct is warranted by the conduct of the defendant released and the interest of justice."  This mechanism exists because

> [o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

2

*United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). When considering whether to grant early termination under § 3583(e)(1), the Court must also consider certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e) (authorizing termination, extension, modification, or revocation of a term of supervised release after "considering the factors set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

Although Brewster has served more than one year of his current supervised release term, and it appears that Brewster is in compliance with the terms of his supervised release, compliance is not sufficient to warrant termination under 3583(e)(1). "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Grossi*, No. CR–04–40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Additionally, the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Brewster serving his full term of supervised release. Brewster was a participant in a large-scale cocaine conspiracy. The four-year term of supervised release was a consequence of Brewster's crimes and is an important part of his sentence. The four-year term was the minimum amount of supervised release to which Brewster could have been sentenced, and it was the sentence for which he bargained in lieu of the Government filing a Section 851 enhancement.

Of note, Brewster's 2003 and 2004 drug convictions resulted in Brewster receiving 3 years of drug offender probation. Brewster was apparently able to terminate his probation early. Brewster later admitted that he remained drug-free for approximately 6 months after his probation

ended, and then he returned to drug use (PSI ¶ 475). Again, these facts weigh in favor of Brewster serving his full term of supervised release.

In sum, Brewster has cited nothing exceptional that warrants the early termination of supervision. The goals of sentencing simply would not be served by early termination of Brewster's term of supervised release.

For the foregoing reasons, the United States respectfully requests that Brewster's motion be denied.

                                  Respectfully submitted,

                                  ARIANA FAJARDO ORSHAN
                                  UNITED STATES ATTORNEY

By:    *s/ Rinku Tribuiani*
          Assistant United States Attorney
          Fla. Bar No. 0150990
          500 Australian Avenue, Suite 400
          West Palm Beach, Florida 33401
          TEL: 561-209-1031

## CERTIFICATE OF SERVICE

**I hereby certify** that on June 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

                                  *s/Rinku Tribuiani*
                                  Assistant United States Attorney

**SERVICE LIST**
United States v. Robert Benjamin Brewster
Case No.: 14-180227-CR-Middlebrooks
United States District Court, Southern District of Florida

**Robert Benjamin Brewster,** *pro se*
5360 Bosque Lane, Apt. 120
West Palm Beach, Florida 33415
Service by: U.S. Mail